1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
                            )
            Plaintiff,      )     CASE NO.   CR06-319JLR
                            )
      v.                   )
                            )
                            )     DETENTION ORDER
QUAN DO,                 )
                            )
            Defendant.    )
_____ )

Offenses charged:

      Count I:      Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C.,

                    Sections 841(a)(1), 841(b)(1)(A), and 846; and

      Count II:     Conspiracy to Engage in Money Laundering, in violation of Title 18,

                    U.S.C., Section 1956(h).

Date of Detention Hearings: September 28, 2006 and September 29, 2006.

        The Court, having conducted a contested detention hearing pursuant to Title 18

U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention

hereafter set forth, finds that no condition or combination of conditions which the defendant

can meet will reasonably assure the appearance of the defendant as required and the safety

of any other person and the community.  The Government was represented by Ye-Ting

DETENTION ORDER
PAGE -1-

Woo.  The defendant was represented by Lennard Nahajski.

The Government moves for detention, asserting that the defendant is the right-hand man of co-defendant Toan Chua Hoang who reportedly fled to Vietnam to avoid prosecution.  The defendant is alleged to have a significant role in the drug conspiracy distribution organization and is considered to be a "lieutenant" providing direction to other co-defendants in the instant offense.  The Government reports that the defendant poses a risk of flight as he travels to Vietnam annually, he does not have a stable residence, and he has significant access to cash as shown by the seizure of $7,700 dollars U.S. currency from his residence, also known in the conspiracy as a "stash" or "safe house."

The defendant argues for release, maintaining that he has significant ties to the Western District of Washington, he has strong family ties, he is gainfully employed, and he cares for his ill father.  Additionally, the defendant counters that the possession of cash is not necessarily suggestive of criminal activity, and that minimal information was provided by the Government supporting detention.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)     There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2)     Nothing in this record satisfactorily rebuts the presumption against release under Title 18 § 3142 (g) for several reasons.  The Court considered the following:

(a)     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.  The instant offense is a conspiracy drug distribution of

DETENTION ORDER
PAGE -2-

1    marijuana originating in Canada and smuggled to Washington for

2    transport to other states.  The additional offense involves the

3    laundering of large sums of cash obtained as drug proceeds.  The

4    investigation of locations of other large sums of cash is ongoing;

5    this raises concern regarding this defendant's access to large sums

6    and/or drug proceeds which may be used to facilitate flight.  The

7    defendant's recent and frequent travel to Vietnam further

8    indicates a risk of flight given that a co-defendant in this matter

9    has reportedly already fled to Vietnam to avoid prosecution.

10   (b)   The weight of the evidence.  The seizure of $7,700 dollars U.S.

11   currency from the defendant's residence, also known in the

12   alleged conspiracy as a "stash house", appears to establish his role

13   in the conspiracy as does the surveillance of the defendant's

14   actions in connection with other co-defendants.

15   (c)   The history and characteristics of the person.  This defendant

16   represented to Pre-Trial Services that he was employed at a

17   mortgage company.  Pre-trial discovered that he engaged in

18   training there, but was *never* employed there.

19   (d)   Risk of danger to the community.  The defendant is believed to

20   have  taken a leadership role in the alleged instant offense,

21   consisting of a multi-state drug conspiracy and money laundering

22   involving large sums of cash; this presents a substantial risk to the

23   community.

24        Based  upon  the  foregoing  information,  which  is  consistent  with  the

25   recommendation of U.S. Pre-trial Services, it appears that there is no condition or

26   combination of conditions that would reasonably assure future Court appearances and/or the

DETENTION ORDER
PAGE -3-

1    safety of other persons or the community.

2        **It is therefore ORDERED**:

3    (1)    The defendant shall be detained pending trial and committed to the

4           custody of the Attorney General for confinement in a correction facility

5           separate, to the extent practicable, from persons awaiting or serving

6           sentences or being held in custody pending appeal;

7    (2)    The defendant shall be afforded reasonable opportunity for private

8           consultation with counsel;

9    (3)    On order of a court of the United States or on request of an attorney for

10          the Government, the person in charge of the corrections facility in which

11          the defendant is confined shall deliver the defendant to a United States

12          Marshal for the purpose of an appearance in connection with a court

13          proceeding; and

14   (4)    The clerk shall direct copies of this order to counsel for the United

15          States, to counsel for the defendant, to the United States Marshal, and to

16          the United States Pretrial Services Officer.

17   DATED this 3rd day of October, 2006.

18

19   _____

20   MONICA J. BENTON
     United States Magistrate Judge

21

22

23

24

25

26

DETENTION ORDER
PAGE -4-